IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00973-BNB

EUGENE ADAMS,

    Plaintiff,

v.

DENVER COUNTY JAIL,
DENVER CITY JAIL,
NURSE STAFF OF COUNTY JAIL,
DENVER SHARIFF DEPT., and
A CITY A STATE OF COLO.,

    Defendants.

---

ORDER OF DISMISSAL

---

    On April 4, 2014, Plaintiff, Eugene Adams initiated this action by filing *pro se* a Prisoner Complaint and filing two motions seeking leave to proceed pursuant to 28 U.S.C. § 1915.

    On April 7, 2014, Magistrate Judge Boyd N. Boland entered an order and directed Plaintiff to submit to the Court a certified trust fund account statement for the six-month period immediately preceding the filing of this action and to complete Section F of the Complaint form. Plaintiff was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

    On April 25, 2014, Plaintiff submitted two additional motions to proceed pursuant to § 1915, but he did not submit a certified account statement or a new Complaint form that provides the information requested in Section F of the form. Plaintiff states in one of the § 1915 motions that he tried to get his "records" from the Sheriff's Department but

did not receive a response. ECF No.7 at 2. In the other motion, Plaintiff states he "tried over and over" to get a copy of his trust fund, but they denied him a copy. ECF No. 7 at 2.

On April 28, 2014, Magistrate Judge Boland entered a Minute Order finding that Plaintiff must provide documentation to verify jail staff has refused to provide him a statement and allowed Plaintiff an additional thirty days to provide a verified statement. The envelope that was sent to Plaintiff containing the April 28 Minute Order was returned to the Court on May 6, 2014. The envelope was marked, "RTS Return to Sender Attempted Unknown Unable to Forward" and "RELEASED." Rule 11.1(d) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil Rules states that a party must file a notice of a new address within five days of any change of address.

Plaintiff now has failed to cure the deficiencies within the time allowed. The Court, therefore, will dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies and for failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   4th   day of    June    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court